# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

**MICHAEL LENEAR YOUNG SR.**                                                    **PLAINTIFF**

v.                                                 **CIVIL ACTION NO. 4:14CV-P131-JHM**

**LEA HUMPHREY**                                                                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is currently before the Court on initial review of Plaintiff Michael Lenear Young Sr.'s *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss a portion of the complaint, allow the remaining claims to proceed, and direct the Clerk of Court to amend the name of Defendant in the case caption.

### I. SUMMARY OF CLAIMS

Plaintiff is currently a convicted inmate incarcerated in the Roederer Correctional Complex. At the time he filed his complaint, however, he was a convicted inmate incarcerated at the Henderson County Detention Center (HCDC). As Defendant, Plaintiff names Lea Humphrey, "Head Nurse @ Henderson Co. Det. Ctr. [and] Employee For Southern Health Partners."

In the complaint, Plaintiff reports that on or around December 1st or 2nd, 2014, he was required to fill out a sick call slip in order to ask the HCDC medical staff a question about whether they received "money and meds" from a prior facility in which he was incarcerated. He continues as follows:

> the Medical Staff simply ignores my request for help in this matter, only to tell me to have a seat and check my vitals, which they say is part of procedure. So they start saying my Blood pressure is high, and I say "Mam that's not what I'm here for" and "plus my numbers are fine to me." Well a few minutes later the nurse Ms. Lea Humphrey says you only got (2) options, (1) take this pill, or (2) Be Fired from your Job . . . .

> On Dec. 12th I went to pill call and took the HCTZ, but gave them the Lisinapril back, that I didn't know anything about.  Well about 30 min. later I'm being escorted from my job as a Hallway Worker, . . . . I was also told that I cant sign a waiver releasing the Jail or Staff of any blame if something were to happent to me.  I was told, I cant sign a waiver because it Blood pressure Meds. And if I do sign a waiver, she will take my Job from me, no matter who I talk to, she's the head nurse and she's in charge, what she say's goes[.]

Plaintiff claims that he has "a right to Refuse medical attention without fear of punishment or negative feed back.  And I should not be forced to take a pill, or else!!  I don't like pills or the way they slow me down, I almost feel zobiefied, . . . ." He reports that as of December 17th, "these folks still try to take my Blood pressure for some reason, and now all of a sudden want to let me sign a waiver, since now that I've lost my job due to her throwing her title around and Forcing me off my Job.  still don't want no pills.  scared of them."

As relief, Plaintiff seeks monetary and punitive damages and an injunction ordering that he "not be forced to take pill, or lose my Job."

## II.  **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

2

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. **ANALYSIS**

As a preliminary matter, the Court will clarify the capacity(ies) in which Defendant is being sued.

In the "Defendant(s)" section of the complaint form, Plaintiff writes Defendant Humphrey's name and checkmarks the "official capacity" option directly below Defendant's name. On the following page, however, still under the "Defendant(s)" section of the complaint form, Plaintiff additionally checkmarks both the individual- and official-capacity options.

Moreover, prior to this Court's screening of the complaint, Defendant, by counsel, filed an answer. Therein, Defendant states, in part, "Comes the *Defendant, Leah Humphrey, LPN*, by counsel, and for her Answer to Plaintiff's Complaint hereby states as follows: 1. This Answering Defendant specifically denies the allegations contained in Plaintiff's handwritten

3

Complaint that are directed towards *her*" (DN 10) (emphasis added).  She asserts, in part, a qualified-immunity defense and argues against Plaintiff's request for punitive damages on various bases (including, that punitive damages are violative of the Fifth and Eighth Amendments to the U.S. Constitution and that a jury, under Kentucky law, "is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award").  Defendant's assertion of these arguments in her answer suggests that she read the complaint as asserting both individual- and official-capacity claims against her.[1]

Because Plaintiff checkmarks both the individual- and official-capacity options in the "Defendant(s)" section of the complaint and since Defendant answers the complaint as an "LPN," denies allegations directed toward "her," and raises individual-capacity defenses, the Court concludes that Defendant has been notified "of the potential for individual liability," *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001), and that Plaintiff has sued Defendant in both her individual and official capacities.

Further, since Defendant identifies herself as "Leah Humphrey, LPN" in her answer, the Court will direct the Clerk of Court to amend the caption in the docket sheet to reflect Leah Humphrey, LPN, as the proper Defendant in this action.

---

[1] *See, e.g.*, *United Pet Supply, Inc. v. City of Chattanooga, Tenn.*, 768 F.3d 464, 484 (6th Cir. 2014) ("We have always understood qualified immunity to be a defense available only to individual government officials sued in their personal capacity."); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under . . . § 1983.").  *But cf. Harrison v. Ash*, 539 F.3d 510, 525 (6th Cir. 2008) ("In sum, the history and purpose of qualified immunity, as well as the case law interpreting the scope of the doctrine, are clear that Defendant nurses, as employees of CMS [Correctional Medical Services], are not eligible for qualified immunity in a § 1983 suit."); *Revilla v. Glanz*, No. 13-CV-315-JED-TLW, 2014 WL 1234701 (N.D. Okla. Mar. 25, 2014) ("Based upon all of these authorities, the Court is unable to apply the punitive damages immunity afforded municipalities under the *City of Newport* case to CHC [Correctional Healthcare Companies, Inc.], which is a private corporation.").

### A. *Official-capacity claims*

Official-capacity claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). As it is unclear whether Defendant is an employee of Henderson County or Southern Health Partners, the Court will address both situations.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

This same municipal-liability analysis applies to § 1983 claims against a private corporation like Southern Health Partners.[1] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.* at 817; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

In the instant case, Plaintiff has not alleged that medical staff acted pursuant to a policy or custom by either Henderson County or Southern Health Partners in causing any alleged harm. Nothing in the complaint demonstrates that the action or inaction of any medical personnel occurred as a result of a policy or custom implemented or endorsed by either the county or Southern Health Partners. The complaint, therefore, fails to establish a basis of liability against the municipality or Southern Health Partners and, therefore, fails to state a cognizable § 1983 claim against its employee, Defendant Humphrey, in her official capacity.

For these reasons, the official-capacity claims will be dismissed.

### B. Individual-Capacity Claims

#### 1. Injunctive Relief

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See*

---

[2] The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). Southern Health Partners has apparently contracted with the HCDC to provide medical services to the inmates. Thus, on initial review of the complaint, the Court presumes that Southern Health Partners is a state actor.

*Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Because Plaintiff is no longer incarcerated at HCDC, his claim for injunctive relief must be dismissed.

### *2. Damages*

Plaintiff alleges that Defendant Humphrey violated his right to refuse medical attention in forcing him to take medication for "Blood pressure" and that she retaliated against him when she terminated his job due to his refusal to take the forced medication. Upon consideration, the Court will allow these claims for damages to proceed. *See Dobbins v. Craycraft*, 423 F. App'x 550 (6th Cir. 2011) (finding district court abused its discretion in granting summary judgment without giving prisoner a chance to conduct discovery on his First Amendment retaliation claim based on termination of his prison employment); *Davis v. Agosto*, 89 F. App'x 523, 528 (6th Cir. 2004) (indicating that "'individuals in state custody enjoy [a] protectable liberty interest[ ] . . . to refuse medical treatment'") (quoting *Noble v. Schmitt*, 87 F.3d 157, 161 (6th Cir. 1996)).

### IV.  ORDER

For the foregoing reasons, **IT IS ORDERED** as follows:

The Clerk of Court is **DIRECTED** to amend the caption in the docket sheet to reflect **Leah Humphrey, LPN**, as the proper Defendant in this action.

The official-capacity claims and the claims for injunctive relief against Defendant Humphrey are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The individual-capacity claims for damages against Defendant Humphrey that she violated his right to refuse medical treatment and retaliated against him for exercising that**

**right shall proceed**. In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of this proceeding.

**Because counsel has already entered an appearance for Defendant and Defendant has already answered the complaint, the Court concludes that Defendant has waived service and that service on Defendant by way of the U.S. Marshal,** *see* **Fed. R. Civ. P. 4(c)(3), is not necessary.**

The Court will enter a separate Scheduling Order to govern the development of these continuing claims.

Date: March 23, 2015

*[Signature: Joseph H. McKinley]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Counsel of Record
4414.005