UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**MICHAEL LENEAR YOUNG SR.**                                                  **PLAINTIFF**

v.                                                 **CIVIL ACTION NO. 4:14CV-131-JHM**

**LEAH HUMPHREY** *et al.*                                         **DEFENDANTS**

**MEMORANDUM OPINION**

      Plaintiff Michael Lenear Young Sr. filed the instant *pro se* complaint pursuant to 42 U.S.C. § 1983 while incarcerated. Because Plaintiff filed a notice of change of address indicating his release from incarceration (DN 40), the Court, by Order entered December 14, 2016 (DN 45), directed Plaintiff either to: 1) pay the entire $243.89 balance of the $350.00 filing fee to the Clerk of Court; or 2) file a non-prisoner application to proceed without prepayment of fees. The Court warned Plaintiff that his failure to comply within 30 days from entry of that Order would result in dismissal of this action. The 30-day compliance period has expired without any response from Plaintiff.

      Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than

a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that he has abandoned any interest in prosecuting this action. Consequently, this action will be dismissed by separate Order.

Date: February 3, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
4414.005